EXH-13

No. 09-0437

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

FILED

APPELLATE COURT 1st DIST.

APR 0 1 2010

STEVEN M. RAVID
CLERK

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br><br>    Respondent-Appelle,<br><br>-vs-<br><br>RODNEY CLEMONS<br><br>    Defendant-Appellant. | ) Appeal from the Circuit Court<br>) of Cook County, Illinois<br>)<br>)<br>) 01 CR 23332<br>)<br>) Honorable<br>) James Micheal Obbish<br>) Judge Presiding.<br>) |

MOTION FOR SUPPLEMENTAL BRIEF
AND CITING ADDITIONAL AUTHORITY

    NOW COMES the Defendant Rodney Clemons, asking this court to supplement these issue as **Argument** in his Post Conviction through his Attorney Stephanie A. Fisher or allow Petitioner to file them pro se.

    **In support of this motion, the defendant states as follows:**

    1. That on October 20, 2008, Petitioner presented his petition for Post-Conviction relief before Judge James M. Obbish in the Circuit Court of Cook County, Illinois citing reasons why he should be given the opprotunity to continue to the second stage of his Post-Conviction.

    2. Upon the court's review Petitioner's petition for Post-Conviction relief was denied on December 12, 2008.

3. On January 5, 2009 Rodney filed a motion labeled motion for reconsideration of Post-Conviction (PCII. 275-276). When denying the motion on January 30, the Post-Conviction court characterized the motion on as leave to file a successive Post-Conviction Petition and denied it on the grounds that Rodney Clemons failed to show cause and prejudice. (PCII. 283-287).

4. Petitioner Appeal to the Appellante Court First District. And was appointed Stephanie A. Fisher as his Attorney.

5. This appeal has been fully brief, the Appellant's reply brief having been filed on March 17, 2010.

6. Stephanie A. Fisher Has discuss some of these issuesis in her brief though the statement of facts, petitioner ask for these issue's to be **Argument** so that the court would rule on them separately in this appeal and not waived them.

7. The Appellate Attorney done a assessment of my assue's and chose one out of the hole brief to use, in these situation normally the issues in the petitioner appeal are waived without being ruled on at the appeal stage, which is why attorney Fisher has to file **Inefective assistance on my last Appellate attorney in order to bring the issue she used to the court attention, becuase she did the samething by egnoring issue only cubses problem such as waiver, and I the Petitioner do not want any of my issues Waived.**

8. I Rodney Clemons ask this court to reviewe the Argument in this brief and allow them to be supplemented to the brief that Stephanie A. Fisher has prepared for the defendant, so that they will not be waived. Or allow Petitioner to add them pro se.

II

## ARGUMENT 1

PETITION STATES THE GIST OF A MERITORIOUS CONSTITUTION-
AL CLAIM OF ACTUAL INNOCENCE. BY ITS ATTACHED AFFIDAVITS,
BY ANDRE SMITH AND NATASHA SMITH. RODNEY CLEMONS COMMI-
TTED NO CRIME. THE AFFIANT AND THE RECANTATION WAS
UNAVAILABLE AT TRIAL. AND AS THE THE ONLY WITNESSES TO
HAVE SEEN PETITIONER WHILE THE EVENT TAKING PLACE THIS
TESTIMONY IS FAR FROM CUMULATIVE. THIS COURT SHOULD REV-
ERSE AND REMAND FOR SECOND-STAGE POST-CONVICTION PROCE-
EDINGS.

The Petitioner claim's is presumed to be true at this stage
and should exonerate Rodney Clemons. Thee affidavits is especia-
lly strong evidence of actual innocence. Petitioner's Alibi wit-
ness is allowed to speak for thee first time to testify to his
presents with the Petitioner the night of the event. In light of
the state's case of eyewitnessess with inconsisting purjured tes-
timony. The Petitioner states the gist and provide record and
affidavits to support his claim. This court should reverse and
remand for further proceedings.

A. LAW PERTAINING TO POST-CONVICTIONS AND ACTUAL INNOCENCE.
A pro se petition needs only limited detail, not claims in their
entirety. People v. Edwards, 197 Ill. 2d 239, 245 (2001).

This Court must review the petition in light of the record,
People v. Smith, 136 Ill. App. 3d 300. 302 ( 3rd Dist. 1985). And
take its well-pleaded fact as true. People v. Caballero, 126 Ill.
2d 248, 259 (1989). Review is de novo. People v. Coleman, 183 Ill
2d 366, 388-89 (1998).

Post-conviction claims of newly discovered evidence of actual innocence state a claim of due process under the Illinois Constitution. People v. Washington, 171 Ill. 2d 475, 487-89 (1996). This claim requires evidence not availible at his trial and not available earlier through due diligence. In addition, the evidence must be of such convincing character that it would probably change the result on retrial, Id. 171 Ill. 2d at 489: People v. Burrows, 172 Ill. 2d 169. 179-80(1996).

The evidence, however, must not. at the pro se stage, be weighed for credibility Even recantations, are presumed true at this stage. See People v. Fields, 135 Ill. 2d 18.43 (1990) ("It is for the trial judge to determine the credibility of the recantation testimony after having observed the demeanor of the witness"):

On October 20, 2008 Petitioner filed a Post-Conviction before the court for an initial determination of its legal sufficiency pursuant to section 2.1 of the Post-Conviction Hearing Act 725 ILCS 5/122-2.1 (West 2002 ); However on Dec 12. 2008 Judge James M. Obbish in the circuit court denied Petitioner's Petition as frivolous and patently without merit. The court claim there was no records or affidavits to support Prtitioner allegation, which is not true. see Exh 1 the Judges order on Dec 12, 2008 page 5-line-21-to page 6-1-2. The Judge states, In the instant matter, petitioner has not made the requisite factual showing, that Petitioner had failed to submit an affidavit from any potential witness. Additionally, petitioner had failed to explain the significance of their testimony. Therefore, his claim that counsel was ineffective for failing to contact the proposed witnesses

must fail.

The Judge stated that petitioner did not attach any affidavits and such unsupported claim could not have prejudiced petitioner and must be denied. See Exh 1 page 6-line 15-17. Further more the court concluded that Petitioners claim of purjury is, thus, nothing more than a bald conclusion and does not warrant relief. See Exh 1 page 8-line 4-6. Finally the Judge state that Petition is devoid of any facts supporting petitioner's contentions. Bald conclusory allegations such as these, will not prevail on Post-Conviction review. See Exh 1 page 9-line 22-23.

Petitioner not only filed copies of his Post-Conviction, he also filed a notice of filing and proof of service which clearly state that there are attachments/affidavits, motion, also Exhibits of trial records to support all allegations. There were 78 Exhibits its including affidavits in all which was clearly stamp filed along with the Post-Conviction Petition, Dated on October 20, 2008. The clerk of the circuit court stamp filed and sent copies to Petitioner. (See Exhibits A-Z AA-ZZ AAA-ZZZ And AAAA).

Petitioner argued Natasha Smith perjured testimony through out his Post-Conviction, however the Judge claim that Petitioner never mention Natasha Smith testimony at all in the petition. See initial petition Exhibit 2 Natasha in in the index stamp filed and on page 3 number 7, explaning defendant, challeges Natasha trial testimony,due to the states attorney knowingly and allowing Natasha Smith to commit perjured testimony to secure a conviction.

The state attorney tendered the discovery to the defense with Det. Chatman grandjury testimony and police reports of

Natasha Smith original statement he put together four years prior
to trial so the state knew the truth and did nothing to correct
this perjured testimony. Det. Chatman change Natasha statement so
that he could have exigent circumstances to go arrest Rodney Cle-
mons. Natasha never wrote out anything, Det. Chatman wrote out her
unsign statement Natasha stated Rodney said there is alot of shoo-
ting outside, somebody is going to die, and was very concerned
about her mother. Det. Chatman wrote down, Rodney was enraged and
stormed form the building stating stating that he was going to kill
someone to arrest Rodney Clemons. Natasha Smith was severly impea-
ched by defense counsel through Det. Chatman. Wherein she stated
at trial the following statement which had not been disclosed to
Det. Chatman when he spoke to her on Aug. 26, 2001, or any other
time. There is a five page testimony of Natasha in the Petitioner
Post-Conviction on page 20-24 and a affidavit with Natasha Smith
recanting her perjured testimony. See Exh K Natasha Smith affid-
avit all through the petition. Exh 2.

   Petitioner also acknowledge People v. Pitsonbarger. 205. Ill.
2d 444. 793. N.E.2d 609 (2009). That is under subsection (F)(1), a
petitioner shows "cause" by identifying an objective factor that
impeded his or her ability ti raise a specific claim during the
intial Post-Conviction proceeding. Petitioner identified 2 affida-
vits in a motion for reconsideration to the court, and did not me-
ntion that they withheld them because he recieved all 78 Exhibits
which included both affidavits stamp filed by the clerks sohe had
no reason to believe that they where withheld when the court ret-
urned them to him, but that was the Judge's excuss that Petitioner
did not identify what the court's already had.

4

People v. Coleman, 183 Ill. 2d 366, 701 N.E 2d 1063, 233 Ill.
Dec. 789. (1998). The courts held incases of pro se petitioners
under sentence of imprisonment for term of years, only the "GIST"
of a constitutional claim need be asserted in order to survive
dismissal of petition as frivolous or patently without merit, and
to require appointment of counsel under Post-Conviction Hearing
Act. S.H.A.725 ILCS 5/122-2.1, See People v. Porter, 122 Ill. 2d
64.84.118 Ill. Dec. 465. 521 N.E 2d 1158 (1988).

To make substantial showing of violation of a constitutional
right, as will warrant evidentiary hearing in connection with pet-
ition brought under Post-Conviction Hearing Act, allegations in
petition must be supported by record in case or by its accompany-
ing affidavits. S.H.A.725 ILCS 5/122-1 et seq.

Inquiry into whether petition under Post-Conviction Hearing
Act contains sufficient allegations of constitutional deprivations
to warrant hearing does not require circuit court to engage in any
fact-finding or credibility determinations, and Act contemplates
that such determinations will be made at evidentiary stage, not
dismissal stage, of litigation.S.H.A.725 ILCS 5/122-1 et seq. Al-
though a Post-Conviction petitioner is not entitled to an evident-
iary hearing as a matter of right, this court has repeatedly stre-
ssed that a hearing is required whenever the petitioner makes a
substantial showing of a violation of constitutional right. See
People v. Hobley, 182 Ill. 2d 404. 428. 231 Ill Dec. 321 696 N.E
2d 313 (1998):

5

ARGUMENT 2

**PETITIONER FEDERALLY PROTECTED CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN ASIGN JUDGE DENIED HIS POST-CONVICTION WITHOUT A HEARING UNDER THE STRICKLAND V. WASHINTON TEST.**

The Petitioner's Post-Conviction petition made a substantial showing that trial counsel was ineffective. The trial court erred by dismissing Petitioner's petition as frivolous without merit.

Petitioner stated in his post-conviction that counsel fail to call Andre Smith Petitioner's Alibi witness which was not a sound decission, also defense counsel never got intouch with three other witnesses that defendant made him aware of Annette Willingham, Doris Bell and Dontae Aston who was shot 20 minutes before Doris Smith and had information about the shooter. Which fit the description of the same man shot Doris Smith. defense attorney set up a meeting but did not continue the investigation and Dontae Aston was willing to testify on petitioner behalf.

The Judge denied Rodney Clemons Post-Conviction alledging that Petitioner failed to attach affidavits showing the potential testimony of the witnesses. The Judge erred, petitioner filed records and affidavits to support his claim and the clerk received everything and stamp filed all copies. Petitioner have proof that the courts did recieved these documents because a copy was sent to petitioner stamp filed.

People v. Tate, 305 Ill App. 3d 607, 712 N.E. 2d 826 (1st Dist) where the post-conviction petition alleged that trial counsel was ineffective for failing to present alibi witnesses, and the witness affidavits indicated that defeedant was not at the scene of the cr crime, the petitioner made a sufficient claims    of constitutional

6

error to require an evidentiary hearing.

In People v. King. 316 Ill. App 3d 901, 738 N.E 2d 556 (1st Dist. 200) THe failure to call a witness whose testimony would support an otherwise uncorroborated defense may be ineffectiveness where counsel failed to present exculpatory evidence of which he is aware, even if counsel's investigation was adequate. The failure to call a witness constituted ineffective assistance where the expected testimony was unequivocally exculpatory, would have provided an alibi, and would have complemented counsel's strategy.

Petitioner argued that defense counsel committed a discovery violation by not tendering him a alleged oral statement made to A.S.A Sears in pre-trial discovery. In the oral statements, Rodney Clemons allegedly incriminated himself by saying that no one was close enough to see his face at the scene the shooting. Petitioner informed defence counsel that the detective's drove him to the crime scene before taking him to 111th st, police station. And told him that Doris Smith was shot in the alley where they took him to meet the leading detecive. Also Priscilla King the Petitioner girl friend told him that morning when he was arrested. Rodney Clemons told A.S.A Sears that he did not know what happen in the alley because he was not there. A.S.A Sears never wrote down anything in front of Rodney. She left and fabricated her own version of what the Petitioner said.

Defense counsel argued that he would have tried to suppress the oral statements prior to trial if they had been tendered during discovery. Counsel also argued that it was his fault for not requesting a continuance or a mistrial when the statements came out at

trial (ROOO 20). The State responded that they did in fact tender A.S.A Sears report of the interview to defense counsel and counsel signed a receipt to verify that (R OOO 27-28).

Before the court rendered its sentence, Rodney stated in all-ocution that he was innocent. (R OOO 39). He also maintained that his counsel was ineffective, and counsel never informed him prior to trial of the incriminating oral statements that were allegedly in my discovery given to me by my defense counsel which is inffect-ive"(Emphasis added)(R OOO 39).

Illinois law requires that a trial court hold an initial hear-ing into the factual basis for a defendant's pro se claim of ineff-ective assistance of counsel, regardless of the manner in which the pro se allegations arise. People v. Krankel, 102 Ill. 2d 181, 189. (1984). The Moore, 207 ILL. 2d 68. 79 82 (2003). The court reafirm-ed the rule enunciated in Krankel and its progency: when a Petitio-ner presents a pro se Post-Conviction alleging ineffective assista-nce of counsel, the trial court must conduct an adequate inquiry to determine the factual basis of the claim.

For example, in People v. Barnes, 364 Ill. App. 3d 888 (1st-Dist, 2006), the defendant informed the court after trial that he had not been given a "fair chance" at trial, and that his attorney did not heed his requests for transcripts or to interview exculpat-ory witness.

Further more, in Barnes, 364 Ill. App. 3d at 898, held that the court must conduct some inquiry into their specifics, of what was requested but not receive, and the identities of the claimed alibi witnesses, the extent to which Barnes counsel was made aware

of and acted upon any knowledge of their existance.(emphasis added) Id. at 899.

The record in this case reflects that the court did not conduct a hearing into Rodney's Post-Conviction claim of ineffective assistance of counsel. Even though Petitioner filed affidavits and records to support his claims. Thus, as the state argued twice in it's closing statement that A.S.A Sears statement was a backhanded admission and was incriminating because it tended to show that Rodney was present at the scene of the shooting(R MM18, MM55).

Defense counsel stated that he was unaware of the incriminating oral statement until the second day of trial and was not given the statement in discovery (R OQO 17-18). It was defense counsel's belief that the state committed a discovery error by not tendering the statement four years prior during discovery, and had he known of the statement, he would have filed a pre-trial motion to suppress it.

Counsel also admitted that he was at fault for failing to object and request a continuance or mistrial when the statement took him by surprise in the middle of trial(R OQO 20-21).

Counsel was under the impression that he had never been tendered the incriminating oral statement, but in fact, he had possession of the receipt saying that he received it on August 27, 2004, a years prior to trial(C.119), for counsel to be unaware of the statement until the second day of trial, shows that in fact he had not been adequately prepared to defend Rodney's murder case. See People v. Wallance, 106 Ill. App. 3d 580 (1st Dist. 1982) (appellante court held that counsel was ineffective and not prepared to adequately represent the Petitioner where he did not examine police reports or

the court file adequately). The circuit court, however, denied
Rodney's Post-Conviction on the erroneous determination that because
Petitioner failed to present affidavits and records to support his
claims when in fact he presented 2 affidavits and 78 Exhibits of
records to support his claims which was stamp filed the same day of
the Post-Conviction October, 20, 2008.

In evaluating Petitioner's claim of ineffective assistance of
counsel, the appropriate question is not whether counsel him self
viewed his performance as deficient, but rather a reasonable compe-
tent attorney, in the same circumstances would have acted.

Harris, 206 Ill. 2d at 65. Hence, the "operative concern" for
a reviewing court is whether the court conducted an adequate hearing
into Petitioner's Pro se Post-Conviction claims, " of ineffective
assistance of counsel, See Barnes, 364 Ill. App. 3d at 899, quoting
People v. Johnson, 159 Ill. 2d 97, 125 (1994), no doubt, trial cou-
nsel may not be aware of, but that the Petitioner himself would be
in the best position to adequately assert.

Therefore Petitioner's Post-Conviction petition made a substa-
ntial showing that trial counsel was ineffective. Counsel's pervasive
failures including the failure to present Rodney's alibi witness
Andre Smith who would of only help the defence case, and also failed
to interview three other witnesses Petitioner made known to counsel,
who had exculpatory evidence that could have exonerated Petitioner,
not to mention counsel failed to review discovery, police reports,
and suppress life threaten statement. Concluding that the attoeney's
performance was outside the range of professionally competent repre-
sentaion because of the reason's above and that the defendant was

**EXH-13**

prejudice by the attorney's inadequate assistance there is a "reas-
onable probability" that the result would have been different.

   Clearly Petitioner meet the requirement for a Hearing, also
Petitioner ask this court to reverse and remand the case back for
further review.

## ARGUMENT 3

**REVIEW BY THIS COURT IS WARRANTED BECUASE THE KNOWINGLY
USE OF PERJURY STATEMENT BY ASA SEARS VIOLATED DEFENDANTS
FEDERAL AND STATE CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH
AMENDMENT.**

The states Attorney Sears fabricated a two page document by
her self, without the presence of defendant Rodney Clemons, to be
able to object to anything she was writing down. A.S.A Sear admi-
tted she only been on the felony review one month, and this was
the first time she worked a felony. See Exhibit JJJ **LLL-188-line
7-17. ASA Sear also admitted she never read the contents of the
statement of the statement to the defendant. See Exhibit KKK LLL
190 line 1-18.** On the state's Attorney alledge two page statement
state's Attorney Sears wrote pyramid only when the defendant
spoke, and the stated that the defendant made threats against
himself, and she admits she crossed certain things out. This
prove that See Exhibit LLL 191-line 1-24. Once again on the second
page ASA Sears crossed more things out. This prove that Attorney
Sears was not certain of what she was writing, and did not give
the defendant the oppertunity to view the oral statement at all.
See Exhibit MMM LLL-192 line 1-13. The Defendant told A.S.A Sears
that he did not know what happen in the alley becuase he was not
there and ASA Sears cross that part out. Priscilla King told the
Petitioner as he was being arrested that this happen in the alley
but ASA wrote her version and said Petitioner told her there was
no way anybody could have been close enough to see his face,there
were no house close enough that some one could look out of.

ASA Sears stated that defendant told her that he and the
victim argued on houston a few days ago and everyone in the

neighborhood knew that he and the victim always argued. When all the time Detective told Rodney that Doris was shot in the alley.

Also Prisclla Kink, Rodney girl friend and the neighborhood knew Doris had been shot in the alley of 81st and Houston. The tactive team drove Rodney to the area and seen the lead Detective before they took him to the police station on 111st. The oral statements attributed to the Defendant was exacerbated when the state argued this again during closing argument, over emphasized this evidence importance and caused prejudice against the defendant. Also Sears admitted she had no personal knowledge of what the Detective said to the defendant. See Exhibit OOO LLL 194 line 1-15. ASA Sears claim Detective Chatman was present but never mentioned anything about it in his report. State's Attorney Sears admitted I had no participation when she actually wrote it out.

She stated she left the room and wrote it out. The defendant was not given an opportunity to review it. Also Attorney Sears stated she talk with Rodney for 30 minutes and did not write anything down while her and the Detective was in the room talking.

See Exhibit PPP 199 line 1-24, and Exhibit QQQ LLL 200 line 1-17. I find it very hard to believe Detective Chatman did not mention anything state's Attorney Sears said in his report. He only knew of what Rodney Clemons told him in his report, which prove perjury by ASA Sears, and also prove that Rodney did not participate in ASA Sears alledge statement. This evidence should have been suppressed and wasn't, the defendant learned of the oral statement the second day in trial by surprise.

The petitioner pray that this court supplement this violation to be heard on his Post-Conviction Appeall.

*13*



ARGUMENT 4

THE PETITIONER STATES HIS SENTENCE IS VOID BECUASE HE WAS NOT
INDICTED UNDER THE 25-TO-LIFE ENHANCEMENT STATUE 730 ILCS 5/5
8-1(a)(1)(a), HE WAS ONLY INDICTED FOR 720, ACT 5, SECTION 9-
1 (a)(1) AND (a) 2 AND THE COUNT OF DISCHARGED A FIREARM WAS
MERGE IN THE INDICTMENT. FURTHER MORE THE DEFENDANT WAS SENT-
ENCE THE 25-TO-LIFE SENTENCE WHEN IT WAS STILL UNCONSTITUTIONAL.

NOW COMES the Petitioner, Rodney Clemons, though Stephanie A

Fisher or pro se, and moves this Honorable Court to reverse and

remand Petitioner for new sentence.

THE DEFENDANT STATES AS FOLLOWS:

Petitioner was not indicted for 730 ILCS 5/5-8-1(a)(1)(a),

which is the 25-To-Life enhancement. This statue is not spoke of

in Petitioner Original True Bill nor is the statue writing any

where in the Judges order.

The indictment shows that Petitioner was indicted for first

Degree Murder with a firearm, and during the commission of the

offense he personally discharged a firearm in violation of chapter

720, Act 5, Section 9-1 (a)(1) and (2). Here the fire arm is merge

along with the murder under one Sentence that defendant recieved

20 years for, See The Judges order. The Judge added the 25 years

for discharging a firearm consecutive to the 20 years without even

indicting Petitioner for the statue that would be 730 ILCS 5/5-8-1

(a)(1)(a),(a)(1)(d)(iii)west 2000). This is never mention on any

documents in defendant case at all which is one of the reasons

Petitioner should not have been sentence under the enHancement

Laws. The grand jury must consider and find evidence supporting

all of the crime element see eg O'Hagan, 139 f. 3d at 651. requir-

ing that all of the elements rather than mere statory citations

14

appear on the 147 face of the indictment helps to ensure that the
jury has done this. **In this case the state did not indict petit-
ioner under the statutory citation 730 ILCS 5/5-8-1(a)(1)(a), at
all.**

## FURTHER MORE IT WAS UNCONSTITUTIONAL AT THE TIME

At the time of Petitioner trail proceedings the courts was
undecided of this Law. In People vs Walden 2002, 199 Ill. 2d 392,
769 N.E 2d 928 264 Ill. Dec 91 the trial court was prevented from
imposeing the firearm enhancement since the enhancement had been
found unconstitutional as it violated the proportionate penalties
clause of the Illinois constitution. It was unjust to impose the
firearm enhancement upon the petitioner when it was ruled uncons-
titutional by the Supreme court during the years of 2002-2005 Oct
ober 6, which up until that date and year it was unconstitutional

A decision overruling a previous holding of the court concer-
ning the validity or applicability of a penal statute will be app-
lied expectedly only to offense committed against the statute
after the date of the decision. Also in **Sharpe case** 839 N.E 2d 492 it's basically
saying that it was establishing a new principle of law and over-
ruling clear past precedents and the ruling unhelp the 25-To life
enhancement 2005 on October 6, the Petitioner was sentence on
setember 16, 2005 before the ruling of sharpe was made constit-
utional.

Defendant argues that this intertation of the statute ought
to be avoided, However, because it leads to a double-enhancement
problem. Defendant argues that the level of harm necessary to

15



trigger the 25-to-life penalty is already implicit in the crime of first degree murder, and thus it constitutes double enhancement to increase the penalty level base on that same degree if harm.

Defendant concedes that the enhancement also requires proof that the harm been committed with a firearm but argues that, even so, there is in the context of first degree murder a double enhancement problem when one compares to the elements of fisrt degree murder.

Petitioner ask this court to vacate the 25 year enhancement attach to His sentence.

RODNEY CLEMONS
Statevill Correctional Center
P.O.Box 112
Joliet, Illinois 60434-0112

SUBSCRIBED AND SWORN TO BEFORE ME

ON MARCH 29, 2010.

NOTARY PUBLIC

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011

16

EXH-13

STATE OF ILLINOIS )
                ) SS
COUNTY OF COOK )

## AFFIDAVIT

    Rodney Clemons, being first duly sworn under oath, deposes
and says that he has read the foregoing Motion by him subscribed
and the facts stated therein are true and correct to the best of
his knowledge and belief.

RODNEY CLEMONS
Stateville Correctional Center
P.O.Box 112
Joliet, Illinois 60434-0112

SUBSCRIBED AND SWORN TO BEFORE ME

ON MARCH 29, 2010.

NOTARY PUBLIC

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011

EXH-13

No. 1-09-0737

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court |
| Respondent-Appellee, | ) of Cook County, Illinois |
| | ) |
| -vs- | ) 01 CR 23332 |
| | ) |
| RODNEY CLEMONS, | ) Honorable |
| | ) James Michael Obbish |
| Petitioner-Appellant. | ) Judge Presiding. |

PROOF OF SERVICE

TO: Anita Alvarez, Cook County State's Attorney, 300 Daley Center Chicago, Illinois 60602;

Mr. Rodney Clemons, Register No. R-47384, Stateville Correctional Center, P.O.Box 112, Joliet, Il 60434.

The undersigned, being first duly sworn on oath, deposes and says that I Rodney Clemons personally mail four copies of the Supplemental brief and Argument in the above-entitled cause to the Clerk of the above Court,in an envelope deposited in a U.S. mail Postage Prepaid on March 29, 2010.

RODNEY CLEMONS
Stateville Correctional Center
P.O.Box 112
Joliet, Illinois 60434-0112

SUBSCRIBED AND SWORN TO BEFORE ME
on March 29, 2010.

NOTARY PUBLIC

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011

EXH=13

No.

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court |
| Respondent-Appellee, | ) of Cook County, Illinois |
| -vs- | ) 01 CR 23332 |
| RODNEY CLEMONS, | ) Honorable |
| Petitioner-Appellant. | ) James Michael Obbish<br>) Judge Presiding. |

NOTICE OF FILING

TO: **Anita Alvarez,** Cook County State's Attorney, 300 Daley Center Chicago, Illinois 60602;

Mr. Rodney Clemons, Register No. R-47384, Stateville Correctional Center, P.O.Box 112, Joliet, IL 60434.

   **PLEASE TAKE NOTICE** that on March 29, 2010 this Petitioner submitted a Motion for Supplemental Brief and a Affidavit, Proof of service and mailed (4)-Copies of all to the **OFFICE CLERK OF THE STATE APPELLATE DEFENDAER 203 NORTH LASALLE STREET-24th floor Chicago, Illinois 60601.**

*Rodney Clemons*

RODNEY CLEMONS
Stateville Correctional Center
P.O.Box 112
Joliet, Illinois 60434-0112

SUBSCRIBED AND SWORN TO BEFORE ME

ON MARCH 29, 2010.

NOTARY PUBLIC

OFFICIAL SEAL
PHYLLIS BAKER
Notary Public - State of Illinois
My Commission Expires Feb 07, 2011

**EXH-14**

## IN THE APPELLATE COURT
## OF ILLINOIS
## FIRST JUDICIAL DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 1-09-0737 |
| | ) |
| RODNEY CLEMENS, | ) |
| | ) |
| Defendant-Appellant. | ) |

### ORDER

This matter coming to be heard on the defendant-appellant's, *pro se*, "Motion For Supplemental Brief and Citing Additional Authority," proposed Supplemental Brief having been submitted with the motion, due notice having been given, response having been considered, and the court being advised in the premises;

**IT IS HEREBY ORDERED** that the defendant-appellant's, *pro se*, "Motion For Supplemental Brief and Citing Additional Authority is **taken with the case**.

_Margaret O. Frossard_
JUSTICE

**ORDER ENTERED**

APR 1 4 2010

**APPELLATE COURT, FIRST DISTRICT**

_Michael J. Gallagher_
JUSTICE

_P. Scott Neville Jr._
JUSTICE

**EXHIBIT 15**

No. 1-09-0737

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County, Illinois. |
| | ) | |
| -VS- | ) | No. 01 CR 23332 |
| | ) | |
| RODNEY CLEMONS, | ) | Honorable |
| | ) | James Micheal Obbish |
| Defendant-Appellant. | ) | Judge Presiding. |

REPLY BRIEF AND ARGUMENTS FOR DEFENDANT Pro se-APPELLANT.

I.　　　　　THE TRIAL COURT ERRORED WHEN IT IMPROPERLY
DENIED PETITIONER'S Pro se PETITION FOR POST-CONVICTION
RELIEF BECAUSE THE COURT "FAILED TO CONSIDER THE MERITS OF
[PETITIONER'S] CLAIM"
ALL EXHIBITS IS IN THE POST-CONVICTION PETITION

The Petitioner claim's are to be taking as true at this first stage and should have exonerated Rodney Clemons. In light of the state's case of eyewitnesses with inconsisting purjured testimony, the Petitioner not only stated the gist he proved his innocents through the records and affidavits that support this claim.

However on December 12, 2008 Judge James M. Obbish denied Petitioner's petition, the court claim there was no records or affidavits to support petitioner's allegations when in fact, not only did he file copies of his Post-Conviction, he filed a notice of filing and proof of service which clearly state's that there are affidavits and 78 Exhibits A-Z AA-ZZ AAA-ZZZ, and AAAA. The clerk stamp filed along with the Post-Conviction Petition, dated on October 20, 2008 and sent copies to the Petitioner, and not only did petitioner recieve the records so did the Appellate Court. The paralegal Patricia Joyce assured me that she had all the Exhibits before a attorney was apointed, and my Attorney had them before she brief my case.

Judge I find it hard to believe that the State's Attorney in this case just filed thier brief on Nov 27, 2010 and stated petitioner attached to the Pro se petition one affidavit by Charlezetta Brown, petitioner's mother also attached various copied portions of the testimonies of State and defense witnesses. Judge that affidavit was part of the record that the trial court claim they did not get, Exhibit AAAA the very last EXhibit, but the state found what she wanted to use.in the Exhibits. The State's appellate Attorney should be asham of her self and so should the circuit Judge James M. Obbish.

This Judge said I did not even mention Natasha Smith testimony at all in the petition. Judge please look, Natasha have (5) FIVE pages in my petition pages 20-24-stating all the reason why she lied and stating why she recanted in the frame of and affidavit See Exhibit K.this is in the Post-Conviction clearly.

The Post-Conviction court at this first phase is encouraged to closely scrutinize the documents, affidavits and the record in order to determine if the petition is frivolous and pattently without merit. See Prier. 245 Ill. App. 3d at 1040. To determine whether a meritorious constitution claim has been presented, the reviewing court may examine the court file, as well as, transcripts of the proceeding in which the petitioner was convicted. How can this happen if the Judge Missed Portion of the Post-Conviction and Exhibits, by ignoring the petition or simply just not paying attention.

Which brings me to Andre Smith, in his affidavit he stated that he was with the Petitioner until 2:00 a.m August 26, 2001 he stated that he and petitioner went to meet petitioner's girlfriend Priscilla King, after meeting with King he and petitioner then went to meet an individual named Jamaca, after meeting with Jamaca he and petitioner then went to Doris Smith's house, Andre Smith walked down stairs while petitioner talk with Natasha. They then walked back to Rodney and his girlfriend home where petitioner went inside to go to bed; Andre went home this was 2:00 a.m See Exhibits Y Andre Smith Affidavit.

The petitioner did not fail to submit any of the EXhibits in his initial Post-Conviction. The state mention that defendant's Post-Conviction claim was barred under waiver principles. The purpose of a Post-Conviction proceeding is to allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could

have been determined on direct appeal, like Natasha and Andre Smith affidavits this was not apart of the trial record Natasha recanted her testimony.the strick applicat6ion of waiver will be relaxed where fundamental fairness so requires. People V. Gaines (1984) 105 Ill. 2d 79. 91. 85. Ill. Dec. 269.473 Ne. 2d 806; People V. Hamby (1968). 39 Ill. 2d 290. 291, 235 Ne. 2d 572.

Further, where the alledged waiver stems from incompetency of appointed counsel on appeal the doctrine is also relaxed. People V. Barnard (1984). 104 Ill. Dec. 585. 470 WE. 2d 1005; The doctrine of waiver do not apply. However defendant actually beg appellate counsel to use all issue's on his direct appeal and counsel refuse to use any issues that was presented to her or that was clear in the motion for new trial. The Appellate counsel ignored all issues that was set for appeal by trial lawyer. Petitioner did not recieve effective assistan- ce of appellate counsel by Jessica D. Pamon assistance public defender which resulted in being affirm by Appelate Judges.

Petitioner's legal theory that the trial court erred by refusing to admit the prostitution evidence had an arguable basis in law. The prostitution evidence that defense counsel sought to admit was unden- iably intergral to rodney's defense Petitioner ask this court to review the appellate brief Stephanie A. Fisher prepared for the defense and reverse the circuit court's ruling. The state's attorney April K. Gons- ales started her brief by the four witnesses and how they witness this crime, so I decided to add the witnesses statement they stated under oath so this court can see the perjury, also the truth to petitioner's ACtual innocence by the witnesses them self.

The victim's daughter, Natasha Smith testified that prior to her mother's death, that Rodney Clemons at 1:30 a.m came to her house looking for Doris, and banged on the door asking her where Doris was saying that he loved Doris and would do anything for her. Natasha said that petitioner became enraged when she told him that her mother was not at home and yelled, "Somebody is going to die", as he left and walk down the stairs, however Natasha Smith testimony was staged to convict Rodney. Natasha has since recanted her her testimony. See Exhibit K. Stating that Detective Chatman lead her to believe through hints and trickery, that petitioner was involved in the shooting of her mother Doris Smith, Natasha stated, she was very emotional at that time and confused, about that.

what was said when petitioner came to the house.she told him Rodney
said that there is alot of shooting out side, somebody is going to die
and he was very concerned about her mother's where abouts. Detective
Chatman changed her statement to say petitioner was enraged and stormed
from the building stating that he was going to kill someone, and that
was a lie.

Nastaha and her uncle Charles Evans told the Detective the petiti-
oner's description and the time he arrived at her house which was 1:30
a.m. He was wearing green pants, white t-shirt with a black nike t-shirt
over it, also Rodney had a mustache, and long beard and never wore gym
shoes. Detective Chatman never wrote down petitioner's clothing descri-
ption or facial description at all. After four years Natasha and her
family figured out at trial that Chatman never wrote down the descript-
ion they gave him because the shooter had on black pants a big baggie
white, red or yellow t-shirt and black gym shoes. Natasha said petitio-
ner did not have on the clothing the shooter wore and Rodney certainly
was not twenty years old, he was twice that age and look every bit of
it.

Natasha fabricated alot of statements at trial, she said (A) A
week before the shooting of Doris Smith, her mother told her she wanted
Rodney Clemons to stay away and she didn't want to talk to him any more;
This evidence was shown to be out right lies, since it was Doris who
called Rodney to the truck to talk with her outside the liquor store on
August 26, 2001. The night of the incident. (B) That Rodney had been
calling Doris 3-5 time a day; (C) That Rodney was banging on the door
to Doris Smith apartment when he arrived there looking for her on August
26, 2001; (D) That Rodney told Natasha that he would give Doris, his
check; (E) Rodney was walking up and down the stairs pacing out side
the apartment.

The above testimony heard at trial for the first time four years
after the shooting of Doris Smith constituted recent fabrication by
Natasha Smith and painted the picture before the jury that Rodney was
a desperate man bent on doing harm to Doris Smith. Natasha testified
that she told both Detective and a lady officer, she named Detective
Shaw and Chatman the investigating Detective on the case. See Exhibit U
Page 49-line-1-11.

Natasha Smith was serveerely impeached by Detective Chatman, wherein he stated at trial the following statements had not been disc-losed to him when he spoke to her on August 26, 2001 or any other time. (See Exhibits V line 16-24, W-line-1-24, X-line-1-24, and AA-1-24, last Exhibit BB-line-1-24). This hearsay testimony was also highly prejuic-ial against defendant. It suggested to the jury that Doris Smith and the defendant had an adversarial relationship, when all the time this testimony was false.

Once Doris Smith family and friends heard the testimony of the four witnesses at trial, it was then that all of the family member's knew that Rodney Clemons had absolutely no involvement in the Death of their family member Doris Smith.

The states next witness Derric Clemmons stated on August 26, 2001 he heard an argument coming from an alley about 100, feet away from his house at around 1:50 a.m. As he listened out his window he heard shots. Then seconds later he seen a man chasing a woman. Derric Clemmons admi-ted he only seen them for six seconds tops. He said the lighting was brighter then usual because there were 250 watt bulbs in the street lamps. Derric Clemmons decided to talk with his neighbor Marie on the phone before calling police. Marie Jackson stated this started about 1:35 behind her house. (See EXhibit M page 4 line 7). Another witness Natalie Johnson also said this happened at 1:30 a.m. (See Exhibit HH page 27 line 1-24). So when Derric Clemmons said this happened at 1:50 or 1:55 a.m. He was wrong because he waited 20 minutes before calling police. After Derric talk to Detective Chatman and Detective Shaw, he had a different discription of the man he seen that night. The Detect-ive's testified that they had a IBM picture of Rodney Clemons. After Derric seen that picture he described the perpetrator as being in his 30's hair was like an afro maybe pressed down hair, slinder built and dark just like Petitioner's picture, this was the testimony Derric gave at the Grand jury. (See Exhibit JJ page 6 line 11-22). Derric Clemmons was impeached, and admitted the right description of the man he really saw which was not Rodney Clemons. Derric also admitted he did not see the woman get shot, he said the house immediately to the north blocked his view. (See Exhibit KK line 15-24, and LL line 1-24, MM line 1-24).

Derric Clemmons was impeached on these testimonies through his 911 call the night of the murder. At that time Derric said after calling the police from his second story rear attic where he observed this incident for six second, before losing sight of the man chasing the woman as they ran west on 81st street, along side of a house which blocked Derric view. During the 911 call to the police Derric described the offender as being a male black twenty years of age, 5'7 medium/afro light colored shirt, and dark pants. (See Exhibit Q). Lewis Myers, Jr. Attorney at law 911 emergency calls August 26, 2001. It is impossible for Rodney Clemons to be the man Derric seen at that time when the arguing and shots started at 1:35 a.m, because he was at the deceased house talking to her daughter Natasha Smith five blocks away at 1:30 a.m. (SEE EXhibit L line 8-24).(SeeExhibit K Natasha affidavit). It would be safe to say that Derric lied when he said it was alot of light because he told the truth on the 911 call when he stated, I think dark skinned. Uh, hands I could't tell, it was kind of dark. Petitioner was 39,twice the age of the perpertrator.

I bring you to the attention of another witness Natalie Johnson, she said it was dark out side on the night of the shooting, with over hanging trees on both sides of the street. Ms Johnson identified two sets of photographs that clearly revealed darkness. (See Exhibit UU page 45 and VV page 46). Natalie said she had a limited opportunity to view the shooting through cracked blinds. Ms Johnson said she thought it was two men standing in the street, then she noticed a man chasing a lady, they got in the middle of the street, and the woman turned around (See Exhibit CC line 19-24). Neither Marie Jackson nor any other witness seen anybody stop in the street nor observed a woman turning around, in fact Marie seen the two people cross the street and ran along the side walk. Natalie was asked to pick out the petitioner, in court at the sametime she was asked to tell the court what color clothing he had on, and Ms Johnson could not see across the room to see what color the prtitioner's suit was. She said she was color blind. (See Exhibit WW line 1-18). Also Natalie was asked what time her cousins left that night. She said between 1:00 a.m and 1:30 a.m. After that she heard shots and witnessed two people coming out the alley. (See Exhibit HH line 1-24).

It is impossible for Rodney Clemons to be the man that committed this crime, because he was at the victim's apartment talking to her daughter Natasha Smith at 1:30a.m. (SEe Exhibit K Natasha affidavit, and EXhibit LL line 13-24). Which proves Rodney Clemons was speaking with Natasha at this time and had no idea where Doris was.

Marie Jackson was the closes to the shooting, however, what had her attention was a shooting that took place before this. About 1:00 a.m. Ms. Jackson stated this shooting of Doris started about 1:35 a.m. in the alley adjacent from her bedroom. (See Exhibit M line 1-16). Ms. Jackson said she saw two bodies coming out of the alley, they stoped on the corner and you could see they were people, Marie told her husband after viewing the shooting "he shot him, tell the police he's been shot". She thought it was two men, Ms Jackson could not see, she said their bodies were pretty paralled to the light, you could see they were people the way the light was on them, she said they both had on baggy clothes. Ms. Jackson was asked could she see the shooters face, her answer was,"I could see the frame of his face but not his actual features, Marie Jackson stated it wasn't until the detective came to her house that night and informed her that it was a man and a woman. (See EXhibit OO page 6 line 8-21, FF line 1-21. GG line 1-12). Ms. Jackson stated she was able to tell the shooter by the way his head was shaved, I find it very interesting that the Detective had a picture of Rodney Clemons from the compuror and at the time his head looked bald but at the time of the shooting petitioner's had long hair so she went off the picture the Detectives showed her which tainted the identification of petitioner. Marie Jackson made it clear that she did not give the Detective any kind of description. (See EXhibits PP line 1-24). Marie Jackson was a witness but she was not able to see the shooter's face, and she admitted that.

Last we have Lionel Powe, he was drinking prior to his witnessing the event, his testimony was:after the shooting he saw uniform officers arrive on the scene, but he never walked across the street to inform the police of what he had observed or heard. It is crucial to note that Powe claimed he had seen petitioner before in the neighborhood, prior to the shooting. Detective Chatman testified at trial stating that

Lionel Powe never made mentioned of seeing petitioner in the neighbor-
hood when he spoke to him on August 27, 2001 a day after this incident.
(See Exhibit RR line 1-10). I find it interesting that Powe picked me
out of a line up, after Detective had showed a picture from the comput-
er showing people in the neighboehood. Powe never gave a description
at all, there is no police report with Powe saying anything about this
crime, in fact Powe was asked was this the first time he's been sworn
under oath to tell what he saw that night and his answer was "YES".
(See Exhibits SS line 1-24). In fact this was the first time in four
years this testimony was heard, not to mention Powe's condition, of
being under three kinds of medicine. DEPAKOTE, ADAPIN, AND SEROQUEL.
(See EXhibits TT line 1-24). This medicine Seroquel is for the treatment
of Schizophrenia, the treatment of acute manic episodes associated with
bipolar disorder, and for the treatment of Depressive episodes associated
with bipolar disorder as well as, Dementia related psychosis, when
consuming alcohol it also increase headaches, dizziness and postural
hypotension. Powe medical problem impeaded his ability to testify
properly and accurately.

The Detective admits they showed petitioner's picture around the
neighborhood, police procedures intentional or other wise may unfairly
influence the choices of a witness, the suggestion by the police that a
particular participant is the suspect can be conveyed in many subtle
ways, creating in the identifying witnesses a strong disposition to over-
come boubt and fasten guilt.

Peitioner friend andre Smith was with Rodney the hole evening of
August 26, 2001. And has submitted an affidavit on the behalf of petit-
ioner actual innocence.

Andre Smith affidavit give a full account of petitioner's whereabouts
bouts on the night and time of the unfortunate incident. (See EXhibit Y
Andre Smith Affidavit).

**EXH 15**

II.     THE STATE'S ATTORNEY FORFEITED PETITIONER'S MOTION FOR
        SUPPLEMENTAL BRIEF AND CITING ADDITIONAL AUTHORITY BY
        IGNORING THE ORDER ENTERED APRIL 14, 2010 BY APPELLATE
        JUSTICES, WHO ORDERED DEFENDANT-APPELLANT'S
        Pro Se MOTION TO BE TAKEN WITH THE CASE.

                   ALL EXHIBITS IS IN THE POST-CONVICTION

        I bring to the courts Attention that the State's attorney April
k. Gonzales forfeited her right by not answering petitioner's motion
for Supplemental brief and citing additional Authority, the state
ignoring the Order entered April 14, 2010 by appellate Justices, who
Ordered Defendant-Appellant's Pro se motion to be taken with the case.

        Therefore the Petitioner appealed to the apellate Court first
District and was appoited Stephanie A fisher as his Attorney, Ms Fisher
done a assessment of my issue's and chose one out of the hole brief to
use, and done a very good job on the one issus, but in these situation
normally the issues she did not used that the petitioner appeal are
waived without being ruled on at the appeal stage. Most of the time
this happen when the Appellate Lawyers case load are to full.

        Thanks to the Appellate Court I was alloud to brief my issues's
and concern about my case. The state chose not to answer which I feel
very disapointed that they ignored the Judges Order and Petitioner's
issues. At this point I would like to just reiterates on the issue's
that was presemted in sumary.

        The first argument was the Gist of a meritorous claim and the
Petitioner's Actual Innounce based on Natasha Smith, and Andre Smith
petitioner Alibi witness along with the state's witnesses. The petit-
ioner spoke on that in the last issue presented in this brief.

        Secondly Petitioner stated he recieved ineffective assistance of
counsel where in his Post-Conviction and Supplemental brief petition
made substantail showing that trial counsel was ineffective. Counsel's
pervasive failures including the  failure to present Rodney's Alibi
witness Andre Smith who would of only help the defence case,and also
failed to interview three other witnesses defendant made known to
counsel who had exculpatory evidence that could have exonerated petit-
ioner, not to mention counsel failed to review discovery, police
reports and suppress life threaten statement. Inconclution that the
attorney's performance was outside the range of proffessionally
competent representation.



EXH 15

Third the petitioner ask this court to review the knowingly use of perjury statements by ASA Sears which violated defendants federal and state constitutional right under the fourteenth amendment.

fourth, the Petitioner states his sentence was void the 25-year mandatory enhancement violates the prohibition against Double Enhacement because it punishes defendant twice for the same conduct.

The State would of tried to reject my argument if they would of had the respect to answer the Judges Order entered April 14, 2010 taken petitioner's issues's with the case.

But the statue at issue provides for three different sentencing where a firearm is involvedin a murder, depending upon how the firearm in used. If the defendant merely possesses the firearm during the commission of amurder, he is subject to 15-years sentencing enhancement. If the defendant personally discharges a firearm during the commission of amurder but does not cause death or great bodily harm through the use of the firearm, he is subject to a 20-year sentencing enhancement. It is only if the use of a firearm causes death or great bodily harm that a defendant faces a sentence enhancement of 25 years to life. Thus the same factor, the death of the victim, is used both to prove the offense of first degree murder and to impose an enhanced sentence of 25years to life. Such a sentencing scheme violates protections against double enhancement. Accordingly, the Court should vacate Rodney Clemons 25-year addon sentence because, when death results from the defendant's use of the firearm, the provision violates the principle underlying the prohibition against double Enhancement.

Also the 25 to Life Sentence Enhancement for First Degree Murder with a Firearm Violates the Illinois Constitution, Which Requires that all Penalties be Determined "With the Objecting of Restoring the Offender to Useful Citizenship."
Defendant stands on his brief as to these issue.

Because the sentence attached to a murder committed with a firearm is disproportionately and violate the proportionate penalties clause of the Illinois Constitution. Accordingly, this Court should vacate the 25-years enhancement to Rodney Clemons sentence.

**EXH 15**

CONCLUSION

For the foregoing reasons Rodney Clemons, Defendant-Appellant, Respectfully Request that this court Deny the State's Brief and Except Stephanie A. Fisher Brief Assistant Appellate Defender for Petitioner and Petitioner's Supplemental Brief citing Additional Authority, that was Taken to the case Aprile 14, 2010 And Remand This case fore a New Trial or Continue to The Second Stage of His Post-Coviction.

RESPECTFULLY SUBMITTED,

*Rodney Clemon*

RODNEY CLEMONS Pro Se
R-47384
Statevill Correctional Center
P.O.Box 112
Joliet, Illinois 60434-1112

SUBSCRIBED AND SWORN TO BEFORE ME

ON NOVEMBER 6th, 2010

NOTARY PUBLIC

"OFFICIAL SEAL"
Cynthia Harris
#14919099N
Notary Public State of Illinois
My Commission Expires November 15, 2010

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK    )


### AFFIDAVIT

Rodney Clemons, being first duly sworn on oath, deposes and says that he has read the foregoing Motion by her subscribed and the facts stated therein are true and correct to the best of his knowledge and belief.


RODNEY CLEMONS
Stateville Correctional Center
P.O.Box 112
Joliet, Illinois 60434-0112


SUBSCRIBED AND SWORN TO BEFORE ME

ON NOVEMBER 10th, 2010.

NOTICE PUBLIC

"OFFICIAL SEAL"
Cynthia Harris
#14919099N
Notary Public, State of Illinois
My Commission Expires November 15, 2010

**EXh 15**

No. 1-09-0737

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the Circuit Court, |
|    Respondent-Appellee, ) | of Cook County, Illinois |
| -VS- ) | No. 01 CR 23332 |
| RODNEY CLEMONS, ) | Honorable |
|    Petitioner-Appellant. ) | James Micheal Obbish |
| ) | Judge Presiding. |

NOTICE OF FILING

TO: Anita Alvarez, Cook County State's Attorney, 300 Daley Center
Chicago, Illinois 60602;

   Mr. Rodney Clemons, Register No. R-47384, Stateville
Correctional Center, P.O.Box 112, Joliet Il 60434.

   PLEASE TAKE NOTICE that on November_____, 2010 this Petitioner
Submitted a Reply Brief and arguments Pro se Proof of service and mailed
(4)-Copies of all to the OFFICE CLERK OF THE STATE APPELLATE DEFENDER
203 NORTH LASALLE STREET-24th FLOOR CHICAGO, ILLINOIS 60601.

PROOF OF SERVICE

TO: Anita Alvarez, Cook County Stat's Attorney, 300 Daley Center
   Mr. Rodney Clemons, Register No. R-47384, Stateville
Correctional Center, P.O.Box 112, Joliet, Ill 60434.

   The undersigned, being first duly sworn on oath, deposes and says
says that I Rodney Clemons personally mail four copies of the Reply
Brief and arguments Pro se in the above-entitled cause to the Clerk
of the State Appellate Defender 203 North LaSalle Street-24th Floor
in an envelope deposited in a U.S mail Postage Prepaid on November_____,
2010.

_Rodney Clemons_

RODNEY CLEMONS
STATEVILLE CORRECTIONAL CENTER
P.O.Box 112
Joliet, Illinois 60434-0112

SUBSCRIBED AND SWORN TO BEFORE ME

ON NOVEMBER _10th_, 2010.

_____
NOTICE PUBLIC

"OFFICIAL SEAL"
Cynthia Harris
#14819099N
Notary Public, State of Illinois
My Commission Expires November 15, 2010

 

**EXH 16**

ORDER

### IN THE APPELLATE COURT, STATE OF ILLINOIS
### FIRST DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,   )
    Plaintiff-Appellee,           )
                                )
                                )
              V.             )    NO.  09-0737
                                  )
RODNEY CLEMONS,              )
    Defendant-Appellant.      )

### ORDER

      This cause coming to be heard on Defendant-Appellant's pro se Motion for Leave to File Pro Se Reply Brief and Arguments for Defendant Pro Se Appellant [proposed pro se Reply Brief submitted with the motion];

      **IT IS ORDERED** that Defendant-Appellant's pro se Motion for Leave to File Pro Se Reply Brief and Arguments for Defendant Pro Se Appellant is

     ✓   **TAKEN WITH THE CASE**

     ____  ~~**DENIED**~~

ORDER ENTERED

DEC - 1 2010

PPELLATE COURT, FIRST DISTRICT

**Name**  Rodney Clemons
          R47384
**Attorney for**

**Address**  Stateville Correctional Center
            P.O. Box 112
            Joliet, IL 60434-0112
**Telephone**

_____
Justice

_____
Justice

_____
Justice

STEVEN M. RAVID, CLERK OF THE APPELLATE COURT, FIRST DISTRICT



IN THE APPELLATE COURT, STATE OF ILLINOIS
FIRST DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    )
    )
    Respondent-Appellee,    )
    )
v.    )    No. 1-09-0737
    )
RODNEY CLEMONS,    )
    )
    Petitioner-Appellant.    )

ORDER

On the Court's own motion,

**IT IS ORDERED** that the Court's 5/27/11 order regarding Defendant's pro se "Motion for Supplemental Brief and Citing Additional Authority" and "Motion for Leave to File ro Se Reply Brief and Arguments for Defendant Pro Se Appellant" is clarified as follows;

1. The Court's order of 5/27/11 stands insofar as the order denied Defendant-Appellant's pro se "Motion for Supplemental Brief and Citing Additional Authority." The pro se Supplemental Brief was not permitted to be filed.

2. The Court's order of 5/27/11 is clarified in regard to the filing and consideration of a Reply Brief to reflect that the State Appellate Defender was permitted to file a Reply Brief and that the State Appellate Defender's Reply Brief was considered by the Court in reaching its 5/13/11 decision. Insofar as the 5/27/11 order inadvertently reflects that Defendant was permitted to file a pro se Reply Brief and that the pro se Reply Brief was considered by the Court, the order is vacated.

3. It is further ordered that defendant's motion for leave to file a pro se reply brief in addition to the reply brief heretofore filed by his counsel is denied.

4. It is further ordered that the order heretofore entered on 6/21/11 to deny defendant's "Motion to Stay the Mandate" is herewith vacated and withdrawn.

5. It is further ordered that defendant's "Motion to Stay the Mandate" is not considered, said mandate having already been stayed until after defendant's petition for rehearing is adjudicated in full compliance with Supreme Court Rule 368.

_____
Justice

**ORDER ENTERED**

AUG 0 3 2011

APPELLATE COURT, FIRST DISTRICT

_____
Justice

_____
Justice