UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODNEY CLEMONS, ) | |
| ) | 12-cv-860 |
| Petitioner. ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| TARRY WILLIAMS, Warden, ) | |
| Stateville Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION AND ORDER**

In June 2005, an Illinois jury convicted Rodney Clemons of first-degree murder. Clemons, proceeding pro se, petitions for a writ of habeas corpus, raising numerous claims.[1] The court denies Clemons' petition.

**BACKGROUND**

On August 26, 2001, Doris Smith was shot and killed outside her home. *People v. Clemons*, No. 1-05-3290, 957 N.E.2d 587 (Ill. Ct. App. Mar. 31, 2008) (table disposition); Dkt. # 20-1 at 2. The state charged Rodney Clemons with Smith's murder. At trial, multiple witnesses testified that they saw Clemons shoot Smith and saw Smith fall to the ground. The jury convicted Clemons, and the trial court sentenced Clemons to 45 years of imprisonment.

On direct appeal to the Illinois Appellate Court, Clemons, represented by counsel, argued that the trial court violated Illinois law by failing to inquire about a statement he made at

---

[1] Clemons's petition names Marcus Hardy, the former warden of Stateville Correctional Center, as the respondent. Tarry Williams, the current warden, is automatically substituted. Fed. R. Civ. P. 25(d); Section 2254 R. 2(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent is the warden of the facility where the prisoner is being held.").

1

allocution concerning the effectiveness of his trial counsel. Clemons did not raise a federal ineffective-assistance claim. The appellate court affirmed Clemons' conviction, *Clemons*, 957 N.E.2d at 587; Dkt. # 20-1 at 9, and the Illinois Supreme Court denied leave to appeal. *People v. Clemons*, No. 106351, 889 N.E.2d 1118 (Ill. May 29, 2008); Dkt. # 20-6.

Clemons filed a seventy-page pro se petition for post-conviction relief, arguing that his trial and appellate counsel were ineffective in various ways and raising other evidentiary claims. Dkt. # 20-34 at 36. On December 12, 2008, the court denied Clemons's petition and subsequently denied his motion for reconsideration, which it construed as a motion for leave to file a successive post-conviction petition. *People v. Clemons*, No. 1-09-0737, 2011 WL 9685021, at *4 (Ill. App. Ct. May 13, 2011).

On appeal, Clemons, now represented by counsel, raised one issue: that his appellate counsel was ineffective for failing to challenge a particular evidentiary claim concerning a 911 call by an eyewitness. Clemons, though still represented by counsel, moved pro se to supplement his briefs with additional filings raising new claims. The state appellate court issued orders taking Clemons' pro se motions to supplement the briefing under advisement with the case. Dkt. # 20-12, 20-17. On May 13, 2011, the Illinois Appellate Court affirmed the denial of Clemons's post-conviction petition in a reasoned opinion. *Clemons*, 2011 WL 9685021, at *9. The state appellate court closely reviewed the record in the post-conviction proceeding and determined that Clemons' initial pro se post-conviction petition raised the issue about the 911 call as a purely evidentiary claim and *not* as a basis for his claim of ineffective assistance of appellate counsel. *See id.* That is, the appellate court determined that Clemons' petition failed to include the evidentiary issue as a basis for his ineffective-assistance claim. Accordingly, the

court concluded that Clemons forfeited the claim that his appellate counsel was ineffective for failing to challenge the trial court's exclusion of the 911 call from evidence. *Id.*

Subsequently, the Illinois Appellate Court issued two orders regarding Clemons' still-pending motions to supplement the briefing on appeal. First, on May 27, 2011, the court denied Clemons leave to file a supplemental pro se opening brief but granted him leave to file a reply brief, noting that it had considered Clemons' reply brief when it issued its prior opinion. Dkt. # 20-18. Then, two months later, the court sua sponte vacated the latter part of its prior order and clarified that it denied Clemons leave to file a pro se supplemental reply brief. Dkt. # 20-19. The court explained that, when reaching its decision in the case, it considered Clemons's reply brief *submitted by his counsel* but not his pro se supplemental reply brief. The Illinois Appellate Court denied rehearing, and the Illinois Supreme Court denied leave to appeal. *People v. Clemons*, No. 113019, 962 N.E.2d 484 (Nov. 30, 2011) (table disposition). Because the appellate court denied Clemons leave to file the pro se supplemental briefs, it did not address the issues raised in them.[2]

Clemons' extensive pro se petition for a writ of habeas corpus, liberally construed, raises the following grounds for relief: 1) the trial court's exclusion of an eyewitness's 911 call violated Clemons' constitutional right to present a complete defense; 2) certain testimony by the victim's daughter violated his rights under the Confrontation Clause; and 3) his innocence. He further claims at trial and on appeal that counsel was ineffective for: failing to investigate and call several witnesses, failing to respond properly to a prosecution witness' incriminating testimony, failing to challenge the exclusion of the 911 call on appeal, and failing to bring an appellate

---

[2] Throughout this opinion, the court refers to these briefs as "pro se supplemental briefs" with the understanding that the briefs were merely tendered. As explained below, however, for the purpose of determining which issues have been fully presented in state court, the court considers the issues raised in these briefs.

challenge to certain testimony by the victim's daughter. Finally, Petitioner claims that post-conviction counsel was ineffective in various ways.

**LEGAL STANDARD**

A federal court may not grant a petition for a writ of habeas corpus for "any claim that was adjudicated on the merits in State court proceedings" unless the state proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The "unreasonable application" clause authorizes federal courts to grant the writ when a "state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). The state-court application of federal law must be "objectively unreasonable." *Id.*

**DISCUSSION**

Many of Clemons' claims fail because he did not fairly present them as federal constitutional claims to the state court. Federal courts may not entertain a claim in habeas that the state court has not had an opportunity to address. *Ex parte Royall*, 117 U.S. 241, 251 (1886). Federal courts must ensure that the habeas "applicant has exhausted remedies available in the courts of the State." § 2254(b). In order to satisfy § 2254(b)'s exhaustion requirement, the prisoner must have "fairly presented" to the state court the "substance of a federal habeas corpus claim." *Picard v. Connor*, 404 U.S. 270, 275, 278 (1971); *accord Anderson v. Harless*, 459 U.S. 276, 277 (1982). The rule applies regardless of whether the claim is raised on direct appeal or in

state habeas.  *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999).  For claims from the Illinois state courts, "the petitioner must have presented each claim in the habeas petition to the Illinois Appellate Court and to the Illinois Supreme Court in a petition for discretionary review."  *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010).  Additionally, the state court must have had a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim."  *Anderson*, 459 U.S. at 277 (internal quotation marks omitted).  Federal courts assess the record and the arguments before the state court to determine if a prisoner fairly presented a federal claim in state court.  *Picard*, 404 U.S. at 276.

*1. Unexhausted Claims*

Clemons contends that the trial court's exclusion of a 911 call from evidence violated his right to present a complete defense.  Dkt. # 1 at 19–22.  Clemons did not present this claim to the Illinois Appellate Court in either his direct appeal or his post-conviction appeal.  Although Clemons correctly notes that he raised this issue in his post-conviction petition, he did not preserve the issue on appeal.  Clemons also did not attempt to raise this claim in his proffered pro se supplemental brief to the state appellate court.  The court, therefore, cannot afford relief on this claim.

The same is true of Clemons' claim that the trial court's admission of certain statements by the victim's daughter violated his Confrontation Clause rights.  Clemons did not present this claim to the Illinois Appellate Court.  (Nor did he attempt to do so in his pro se supplemental brief).  Clemons argues that he raised this issue in his pro se supplemental brief, but the pages to which he cites discuss an actual-innocence claim and not a Confrontation Clause claim.

Clemons' claims regarding ineffective assistance of appellate counsel also fail because Clemons did not present them to the Illinois Appellate Court in his post-conviction proceeding. The state appellate court expressly held that Clemons' post-conviction petition did not present an ineffective-assistance claim based on appellate counsel's failure to challenge the 911 call. *Clemons*, 2011 WL 9685021, at *8–9. Additionally, Clemons' claim of ineffective assistance based on appellate counsel's failure to challenge certain testimony by the victim's daughter was not raised to the Illinois Appellate Court, either in Clemons' submitted brief or in his pro se supplemental brief.

*2. Actual Innocence*

Clemons claims that statements by two witnesses prove that he is actually innocent. Although an arguable claim of actual innocence may be grounds for a federal court to overcome a procedural bar preventing it from otherwise deciding a legal issue, in non-capital cases, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). The court denies habeas relief on this basis. To the extent that Clemons' claim can be construed as a sufficiency of the evidence claim, that claim fails because Clemons did not present it to the Illinois Appellate Court.

*3. Ineffective Assistance of Trial Counsel*

Additionally, Clemons argues that trial counsel was ineffective for failing to investigate and call several witnesses and for failing to respond properly to incriminating testimony by a

prosecution witness. Clemons did not raise these issues to the Illinois Appellate Court. When considering whether a petitioner fairly presented his claims, the Seventh Circuit has suggested that courts should consider a petitioner's pro se supplemental briefs where petitioner has counsel. *See Kizer v. Uchtman*, 165 F. App'x 465, 468 (7th Cir. 2005). The court has considered Clemons' pro se supplemental briefs in addressing Clemons' habeas petition. To the extent that Clemons' pro se filings to the Illinois Appellate Court can be read to present claims of ineffective assistance of trial counsel, the claims are barred by an independent and adequate procedural bar, and the claims also fail on the merits.

The state post-conviction court rejected Clemons' claim that his trial counsel was ineffective for failing to call certain witnesses on the procedural ground that Clemons failed to submit affidavits from any of the potential witnesses. Dkt. # 20-36 at 35 ("Petitioner has failed to submit an affidavit from any of these potential witnesses. Additionally, petitioner has failed to explain the significance of their testimony. Therefore, his claim that counsel was ineffective for failing to contact the proposed witnesses must fail."). Under the law of this circuit, failure to "submit affidavits . . . as required by Illinois law" is "an independent and adequate state ground for rejecting [an ineffective-assistance] claim, which bars review in federal court." *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012).

The claims would also fail on the merits because Clemons cannot meet either of the Strickland requirements. The representation of trial counsel, in failing to call the witnesses at issue, did not "f[a]ll below an objective standard of reasonableness" Strickland v. Washington, 466 U.S. 668, 688 (1984), for the decision whether to call a particular witness is generally within the discretion of trial counsel and is a matter of trial strategy. Additionally, in light of the evidence before the jury at trial, including the testimony of four eyewitnesses, Clemons cannot

show a "reasonable probability" that, had counsel called the witnesses, "the result of the proceeding would have been different." Id. at 694 (emphasis added). It is very difficult for a defendant to surmount Strickland's high bar. See Cullen v. Pinholster, 131 S.Ct. 1388, 1404–08 (2011) (rejecting defendant's ineffective-assistance claim even when counsel failed to investigate at all before a penalty-phase hearing that resulted in a death sentence); see also Bobby v. Van Hook, 558 U.S. 4, 9–13 (2009) (rejecting defendant's ineffective assistance claim based on counsels' failure to investigate more thoroughly and present more mitigating evidence).

The record does appear to contain one page of a multi-page affidavit from Andre Smith, who, Smith argues, should have been called by trial counsel as an alibi witness. *See* Dkt. # 20-36 at 28. The document in the record appears incomplete, and it is unclear whether the state post-conviction court deemed this document procedurally inadequate to satisfy Illinois's affidavit rule or whether it overlooked it. Assuming that the purported affidavit is sufficient under Illinois law, and assuming that Clemons' pro se supplemental brief properly presented the issue, the claim fails on the merits because the court cannot say that there is a "reasonable probability" that the alibi testimony of Smith, a friend of Clemons', would have led to a different outcome in light of the multiple eyewitnesses who identified Clemons as the shooter and in light of the record as a whole. *Strickland*, 466 U.S. at 694.

The state post-conviction court rejected on the merits Clemons' argument concerning trial counsel's failure to respond to a prosecution witness. Assuming that Clemons fairly presented this claim on appeal, it too fails on the merits. On habeas, a federal court's review of a state court's determination that a criminal defendant received effective assistance is particularly deferential. Habeas courts do not apply *Strickland* directly. Rather, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*

*v. Richter*, 131 S.Ct. 770, 785 (2011). Were federal courts to apply *Strickland* directly, "the analysis would be no different than if, for example, [this court] were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court." *Id.* The combination of the highly deferential standards of *Strickland* and of § 2254(d) results in "doubly deferential judicial review." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Here, the state post-conviction court did not unreasonably apply the federal ineffective-assistance standard.

*4) Ineffective Assistance of Post-Conviction Counsel*

Clemons also seeks relief on the ground that his post-conviction counsel was ineffective. But the "ineffectiveness or incompetence of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief" in a federal habeas proceeding. 28 U.S.C. § 2254(i).

**CERTIFICATE OF APPEALABILITY**

A habeas petitioner may not appeal a final order unless a court issues a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To obtain a COA for a claim denied on the merits, a habeas petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner satisfies the § 2253(c)(2) standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). Because the claims at issue do not satisfy this standard, the court denies a COA on all claims.

**CONCLUSION**

Under 28 U.S.C. § 2254(d), Clemons' petition for a writ of habeas corpus cannot succeed on any of the grounds asserted. Many of Clemons' habeas claims are not properly before the court because Clemons did not fairly present them to the Illinois Appellate Court. Other claims fail, either on the merits or because of an adequate and independent procedural bar. Accordingly, the court denies the petition on all claims and also denies a certificate of appealability on all claims.

SHARON JOHNSON COLEMAN

United States District Judge

DATED: December 8, 2014